**IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT**
**IN AND FOR DUVAL COUNTY, FLORIDA**

JOHN LYNES,

Plaintiff,

v. Case No: _______________

POMEROY TECHNOLOGIES, LLC,
TATA CONSULTANCY SERVICES LIMITED INC., and
UNITED HEALTHCARE SERVICES, INC.
on behalf of Bind Benefits, Inc.,

Defendants.

_____________________________________/

**COMPLAINT**

**COMES NOW** Plaintiff, JOHN LYNES, by and through undersigned counsel, sues Defendants POMEROY TECHNOLOGIES, LLC, TATA CONSULTANCY SERVICES LIMITED INC., and UNITED HEALTHCARE SERVICES, INC. on behalf of Bind Benefits, Inc., and alleges:

**JURISDICTION AND VENUE**

1. This is an action for damages exceeding Fifty Thousand Dollars ($50,000.00), exclusive of interest, costs, and attorney's fees.

2. This Court has jurisdiction over this action pursuant to Florida Statutes § 26.012.

3. Venue is proper in Duval County, Florida, pursuant to Florida Statutes § 47.011, as Plaintiff resides in Duval County and the events giving rise to this action occurred in part in Duval County.

4. Plaintiff, JOHN LYNES, is a natural person and resident of Duval County, Florida.

**PARTIES**

5. At all times material hereto, Defendant POMEROY TECHNOLOGIES, LLC ("Pomeroy") was a limited liability company organized under the laws of Kentucky with its principal place of business at 1050 Elijah Creek Road, Hebron, Kentucky 41048.

6. Pomeroy conducted substantial business activities in Florida, including employing Florida residents and providing employee benefits to Florida residents, thereby subjecting itself to the jurisdiction of this Court.

7. At all times material hereto, Defendant TATA CONSULTANCY SERVICES LIMITED INC., ("TCS") was a corporation organized under the laws of India with substantial business operations in the United States, including Florida.

8. TCS conducted substantial business activities in Florida, including employing Florida residents, thereby subjecting itself to the jurisdiction of this Court.

9. At all times material hereto, Defendant UNITED HEALTHCARE SERVICES, INC. on behalf of Bind Benefits, Inc. ("United Healthcare") was a corporation providing health insurance services and administration in Florida and throughout the United States.

10. United Healthcare conducted substantial business activities in Florida, including providing health insurance services to Florida residents, thereby subjecting itself to the jurisdiction of this Court.

## FACTUAL ALLEGATIONS

### *Employment History and Transition*

11. From 2005 through September 2022, Plaintiff was continuously employed in the information technology field, initially with PSS World Medical.

12. In 2013, PSS World Medical was acquired by McKesson Inc., and Plaintiff continued his employment with McKesson.

13. Subsequently, Pomeroy acquired Plaintiff's division from McKesson, and Plaintiff became employed by Pomeroy while maintaining the same position and duties.

14. As part of his employment compensation with Pomeroy, Plaintiff received health insurance benefits through a group health plan sponsored by Pomeroy.

15. In September 2022, Pomeroy decided to eliminate approximately 1,000 IT positions, including Plaintiff's position.

16. Rather than terminate these employees, Pomeroy arranged for them to be transferred to TCS as part of a business transition.

17. Plaintiff's scheduled start date with TCS was Monday, September 19, 2022.

### *Representations Regarding Insurance Coverage*

18. During the transition process, Pomeroy and TCS represented to Plaintiff and other transitioning employees that their health insurance coverage would continue seamlessly without interruption.

19. Pomeroy specifically advised Plaintiff that his health insurance coverage would remain in effect through the transition period to ensure no gap in coverage.

20. Based on these representations, Plaintiff reasonably relied on having continuous health insurance coverage during and after the transition.

***The Medical Emergency***

21. On Friday, September 16, 2022, at approximately 7:00 PM, Plaintiff experienced severe medical symptoms including extreme swelling in his right arm.

22. The urgent care facility near Plaintiff's residence was closed, requiring Plaintiff to seek emergency hospital treatment.

23. Plaintiff felt the symptoms were severe enough to require immediate medical attention.

24. Plaintiff presented himself to the hospital emergency room and was admitted for treatment.

25. Upon admission, Plaintiff presented his health insurance card, which he reasonably believed provided active coverage.

26. Plaintiff remained hospitalized through Sunday, September 18, 2022.

***Discovery of Insurance Termination***

27. On the Friday of his hospitalization (September 16, 2022), Plaintiff's health insurance coverage was terminated by Pomeroy without notice to Plaintiff.

28. Plaintiff was not informed that his insurance coverage had been terminated until after his hospitalization when he received bills indicating he was not covered.

29. Pomeroy's termination of Plaintiff's insurance coverage occurred one business day before Plaintiff's scheduled start date with TCS.

30. The timing of the insurance termination created a gap in coverage during Plaintiff's medical emergency, precisely when continuous coverage was most critical.

***COBRA Notice Failures***

31. Pomeroy failed to provide Plaintiff with timely notice of his COBRA continuation coverage rights following the termination of his employment and health benefits.

32. Pomeroy failed to notify the plan administrator of Plaintiff's qualifying event within the required 30-day period under 29 U.S.C. § 1166(a).

33. No COBRA election notice was provided to Plaintiff within the required 14-day period under 29 U.S.C. § 1166(c).

34. When Plaintiff eventually received COBRA-related communications months later, they were deficient and failed to include mandatory information required by federal regulations, including: a. The specific name, address, and telephone number of the party responsible for

COBRA administration; b. Clear instructions on how to elect COBRA coverage; c. Proper identification of the qualifying event and exact coverage termination date; d. Adequate explanation of the consequences of failing to elect COBRA coverage.

***Insurance Claim Denials***

35. United Healthcare denied coverage for Plaintiff's hospitalization, claiming Plaintiff was not covered as of September 16, 2022.

36. United Healthcare's denial was based on Pomeroy's termination of coverage, despite the fact that Plaintiff reasonably believed he had continuous coverage.

37. United Healthcare failed to adequately investigate the circumstances surrounding the coverage termination and the representations made to Plaintiff regarding continuous coverage.

***Damages Incurred***

38. As a direct result of the lack of insurance coverage, Plaintiff incurred substantial medical expenses for his emergency hospitalization and related care, including: a. Ashchi Heart & Vascular Center: $774.00 b. Mori, Bean and Brooks (MBB) Radiology: $1,322.00 c. HCA Florida Memorial Hospital: $4,093.55 d. UF Health Jacksonville: $194.18 e. Team Health (Memorial Hospital): $2,142.00

39. The total medical expenses incurred by Plaintiff exceed $8,525.73.

40. These medical expenses remain unpaid and have been sent to collection, damaging Plaintiff's credit and causing ongoing financial harm.

41. Plaintiff has suffered additional damages including emotional distress, anxiety, and financial hardship as a result of the unexpected medical bills and collection efforts.

## COUNT I - BREACH OF CONTRACT (Against POMEROY TECHNOLOGIES LLC)

42. Plaintiff realleges and incorporates paragraphs 1-41 as if fully set forth herein.

43. A valid contract existed between Plaintiff and Pomeroy consisting of Plaintiff's employment agreement and related benefit plans, including the provision of health insurance coverage.

44. Under the terms of this contract, Pomeroy was obligated to provide health insurance benefits to Plaintiff as part of his compensation.

45. Pomeroy had a contractual duty to provide reasonable notice before terminating Plaintiff's health insurance benefits, particularly during an employee transition where continuous coverage was specifically represented.

46. Pomeroy breached the contract by: a. Terminating Plaintiff's health insurance coverage without adequate notice; b. Terminating coverage during a transition period when continuous coverage was specifically represented; c. Failing to coordinate with TCS to ensure seamless coverage as promised.

47. Plaintiff substantially performed his obligations under the contract and was not terminated for cause or misconduct.

48. As a direct and proximate result of Pomeroy's breach, Plaintiff has suffered damages including medical expenses exceeding $8,525.73, damage to credit, and related consequential damages.

**WHEREFORE**, Plaintiff demands judgment against Pomeroy for compensatory damages, consequential damages, pre-judgment interest, costs, and such other relief as this Court deems just and proper.

**COUNT II - NEGLIGENT MISREPRESENTATION**
**(Against POMEROY TECHNOLOGIES LLC and TCS, INC.)**

49. Plaintiff realleges and incorporates paragraphs 1-41 as if fully set forth herein.

50. Pomeroy and TCS, in the course of their business dealings and employee transition, made material representations to Plaintiff regarding the continuity of his health insurance coverage.

51. These representations were made in the course of business transactions and employment arrangements.

52. Pomeroy and TCS negligently supplied false information regarding insurance coverage continuity, failing to verify the accuracy of their representations.

53. Pomeroy and TCS failed to exercise reasonable care in ensuring the accuracy of their representations about insurance coverage.

54. Plaintiff justifiably relied on these representations in deciding to participate in the employment transition and in seeking medical care.

55. As a direct and proximate result of Plaintiff's reasonable reliance on Defendants' negligent misrepresentations, Plaintiff suffered damages exceeding $8,525.73.

**WHEREFORE**, Plaintiff demands judgment against Pomeroy and TCS for compensatory damages, consequential damages, pre-judgment interest, costs, and such other relief as this Court deems just and proper.

**COUNT III - VIOLATIONS OF COBRA**
**(Against POMEROY TECHNOLOGIES LLC)**

56. Plaintiff realleges and incorporates paragraphs 1-41 as if fully set forth herein.

57. Pomeroy is an employer subject to COBRA requirements under 29 U.S.C. § 1161 et seq., as it employed 20 or more employees and sponsored a group health plan.

58. Plaintiff's loss of employment-based health coverage on September 16, 2022, constituted a "qualifying event" under 29 U.S.C. § 1163.

59. Under 29 U.S.C. § 1166(a)(4), Pomeroy was required to notify the plan administrator of Plaintiff's qualifying event no later than 30 days after September 16, 2022.

60. Under 29 U.S.C. § 1166(c), the plan administrator was required to provide Plaintiff with a COBRA election notice no later than 14 days after receiving notice of the qualifying event from Pomeroy.

61. Pomeroy failed to provide timely notice to the plan administrator of Plaintiff's qualifying event.

62. Pomeroy failed to ensure that Plaintiff received a compliant COBRA election notice within the required timeframe.

63. When COBRA-related communications were eventually provided, they failed to comply with the mandatory requirements of 29 C.F.R. § 2590.606-4, specifically lacking: a. The name, address, and telephone number of the party responsible under the plan for the administration of continuation coverage benefits; b. Adequate instructions on the procedures for electing COBRA coverage; c. A clear statement of Plaintiff's rights and obligations under COBRA; d. Proper explanation of the consequences of failing to elect continuation coverage.

64. These failures constitute violations of COBRA and ERISA, entitling Plaintiff to relief under 29 U.S.C. § 1132.

65. Under 29 U.S.C. § 1132(c)(1), Pomeroy is liable for statutory penalties of up to $110 per day for each day of violation.

66. Pomeroy's COBRA violations have continued from September 16, 2022, through the present, a period exceeding 860 days.

67. Plaintiff is entitled to statutory penalties, attorney's fees under 29 U.S.C. § 1132(g)(1), and costs.

68. As a direct and proximate result of Pomeroy's COBRA violations, Plaintiff suffered concrete injury including: a. Loss of the opportunity to elect COBRA coverage during his medical emergency; b. Medical expenses that would have been covered under COBRA; c. Credit damage from unpaid medical bills; d. Emotional distress and financial hardship.

**WHEREFORE**, Plaintiff demands judgment against Pomeroy for: A. Statutory penalties under 29 U.S.C. § 1132(c)(1) of $110 per day for each day of violation; B. Compensatory

damages exceeding $8,525.73; C. Attorney's fees and costs under 29 U.S.C. § 1132(g)(1); D. Such other and further relief as this Court deems just and proper.

**COUNT IV - BREACH OF FIDUCIARY DUTY (ERISA)**
**(Against POMEROY TECHNOLOGIES LLC)**

69. Plaintiff realleges and incorporates paragraphs 1-41 as if fully set forth herein.

70. Pomeroy was a fiduciary under ERISA with respect to its employee benefit plans, including the group health plan providing coverage to Plaintiff.

71. As a fiduciary, Pomeroy owed Plaintiff duties of loyalty and prudence under 29 U.S.C. § 1104(a).

72. Pomeroy breached its fiduciary duties by: a. Failing to act solely in the interest of plan participants and beneficiaries; b. Terminating Plaintiff's coverage without proper notice or procedures; c. Failing to provide required COBRA notices and information; d. Acting with disregard for plan participants' rights during the business transition.

73. Pomeroy's breaches of fiduciary duty were committed knowingly and willfully.

74. As a direct and proximate result of these breaches, Plaintiff suffered damages exceeding $8,525.73.

**WHEREFORE,** Plaintiff demands judgment against Pomeroy for compensatory damages, consequential damages, attorney's fees, costs, and such other relief as this Court deems just and proper.

**DEMAND FOR NON-JURY TRIAL**

Plaintiff hereby demands a non-jury trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court:

A. Award Plaintiff compensatory damages in an amount to be proven at trial, but in no event less than $8,525.73;

B. Award Plaintiff statutory penalties under COBRA/ERISA in the amount of $110 per day for each day of violation;

C. Award Plaintiff consequential damages;

D. Award Plaintiff pre-judgment and post-judgment interest;

E. Award Plaintiff reasonable attorney's fees and costs where authorized by law;

F. Grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

by:*/s/David Alvarez*
David Alvarez, Esquire
FBN: 1054426

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been delivered to all of the Parties on the Court's e-service list via the Court's e-portal on May 28, 2025.

Respectfully submitted,

**WHITE & TWOMBLY, P.A.**
Counsel for Plaintiff
9999 NE 2nd Avenue, Suite 306
Miami Shores, Florida 33138
Telephone: (786) 502-2038
robert@whitetwombly.com
dan@whitetwombly.com

david@whitetwombly.com
paralegalryt@whitetwombly.com

By: *<u>/s/Robert Twombly</u>*
Robert Twombly, Esquire
FBN: 0060127

By: *<u>/s/Daniel Castilla</u>*
Daniel Castilla, Esquire
FBN: 1049187

By:*<u>/s/ David Alvarez</u>*
David Alvarez, Esquire
FBN: 1054426